**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JAY WESTERFER | : | |
| | : | |
| Appellant | : | No. 1985 EDA 2025 |

Appeal from the Judgment of Sentence Entered June 18, 2025
In the Court of Common Pleas of Montgomery County
Criminal Division at No: CP-46-cr-0004097-2024

BEFORE: LAZARUS, P.J., STABILE, J., and NEUMAN, J.

MEMORANDUM BY STABILE, J.: **FILED JUNE 26, 2026**

Appellant, Jay Westerfer, appeals from the June 18, 2025, judgment of sentence imposing 72 hours to six months of incarceration for driving under the influence ("DUI") of a controlled substance.[1] We affirm.

The trial court recited the pertinent facts in its Pa.R.A.P. 1925(a) opinion:

> Officer Eric Honick from the Lower Providence Township Police Department testified that on January 31, 2024, at 12:10 a.m., he was on patrol in full uniform and in a marked patrol car in the area of Egypt Road in Lower Providence, which is in Montgomery County, Pennsylvania. Officer Honick was behind Appellant's vehicle from Egypt Road to Ridge Pike, which was over three quarters of a mile. Officer Honick observed several things that concerned him about Appellant's driving. Specifically, Officer Honick observed the Appellant swerve to the left five (5) times to a degree that both the driver's side tires of his vehicle made contact with the double yellow line for several seconds at a time.

---

[1] 75 Pa.C.S.A. § 3802(d)(2).

Additionally, Appellant came to almost a complete stop on South Trooper Road at Oakdale Road before continuing another couple hundred feet to the intersection of Trooper and Ridge Pike.

Officer Honick operated his lights and sirens and initiated a traffic stop of Appellant's vehicle. Appellant pulled over in front of the Lidl grocery store, which is at the intersection of Ridge Pike and South Trooper Road. Officer Honick exited his patrol vehicle and made a driver's side approach, where he made contact with the Appellant who was the sole occupant of the vehicle. Officer Honick's initial observation of the Appellant was that his pupils were constricted, which meant that they were shut despite it being dark outside, and his eyes were also bloodshot. However, Officer Honick did not smell alcohol. Officer Honick's motor vehicle recorder and body worn camera was activated during his interaction with Appellant. Officer Honick confirmed that the Appellant's license was suspended on this date.

Officer Honick had the Appellant exit his vehicle and perform Standardized Field Sobriety Tests ("SFST"), which included horizontal gaze nystagmus, the walk and turn, as well as the one leg stand. While performing SFSTs, the Appellant displayed several indicators of impairment. Officer Lance Canyon arrived on scene prior to the initiation of these tests. Based upon his training and experience, Officer Honick testified that his observations were consistent with someone who was under the influence of a drug. As such, Officer Honick testified that the Appellant was incapable of safely operating a motor vehicle because he was impaired by a drug. Officer Honick placed Appellant in the back of his squad car, where Officer Honick could clearly see that the Appellants' pupils were constricted. Appellant was given an opportunity to submit to a blood test and signed the DL-26 after he was provided his full **Miranda**[2] warning. Appellant refused.

On cross-examination, Officer Honick testified that the horizontal gaze nystagmus ("HGN") test was administered to Appellant and was normal. The Appellant did not admit to using any drugs and Officer Honick did not smell any drugs coming from the car nor did he see any drugs located inside the vehicle. A search incident to arrest was performed and no drugs were found. Officer Honick agreed that the Appellant was not slurring his words, was able to answer all questions asked, did not stumble

---

[2] **Miranda v. Arizona**, 384 U.S. 436 (1969).

getting out of his car, and was able to locate his documents without difficulty.

Trial Court Opinion, 8/14/25, at 2-4 (record citations omitted).

On February 8, 2024, the Commonwealth charged appellant with DUI and driving on a suspended license (75 Pa.C.S.A. § 1534(a)). The matter proceeded to a March 24, 2025 bench trial, at the conclusion of which the trial court found Appellant guilty of both charges. Appellant filed this timely appeal on July 18, 2025, thirty days after the imposition of sentence. His sole argument is that the Commonwealth failed to produce sufficient evidence that Appellant was under the influence of a drug to the extent that it impaired his ability to drive. Appellant's Brief at 4.

"Questions of evidentiary sufficiency present questions of law; thus, our standard of review is de novo and our scope of review is plenary. In conducting sufficiency review, we must consider the evidence in the light most favorable to the Commonwealth, which prevailed upon the issue at trial." **Commonwealth v. Meals**, 912 A.2d 213, 218 (Pa. 2006) (citations omitted). The Commonwealth may sustain its burden with circumstantial evidence, and the finder of fact is free to believe all, part, or none of the evidence. **Commonwealth v. Spence**, 290 A.3d 301, 309 (Pa. Super. 2023).

Appellant was convicted under the following statute:

(d) Controlled substances. An individual may not drive, operate or be in actual physical control of the movement of a vehicle under any of the following circumstances:

[…]

- 3 -

(2) The individual is under the influence of a drug or combination of drugs to a degree which impairs the individual's ability to safely drive, operate or be in actual physical control of the movement of the vehicle.

75 Pa.C.S.A. § 3802(d)(2). Section 3802(d)(2) does not require expert testimony to establish that the driver's impairment resulted from drug use. "The need for expert testimony in a subsection 3802(d)(2) prosecution must be evaluated on a case-by-case basis, taking into account not just the specific drug at issue, prescription or otherwise, but also the nature and overall strength of the Commonwealth's evidence[.]" ***Commonwealth v. Griffith***, 32 A.3d 1231, 1239 (Pa. 2011). "Pennsylvania courts have generally agreed with federal courts that a witness with the requisite observations and experience may offer a lay opinion to establish DUI-controlled substance impairment under section 3802(d)(2)." ***Commonwealth v. Nestor***, 314 A.3d 863, 870 (Pa. Super. 2024), *appeal denied*, 329 A.3d 448 (Pa. 2024)).

***Commonwealth v. Griffith***, 32 A.3d 1231, 1238 (Pa. 2011). Likewise, a conviction under § 3802(d)(2) does not require a blood test demonstrating measurable levels of a drug in the driver's blood. ***Id.*** at 1239. In examining the sufficiency of the evidence of a conviction under § 3802(d)(2), we examine "the totality of the Commonwealth's direct and circumstantial evidence." ***Commonwealth v. DePanfilo***, 993 A.2d 1262, 1268 (Pa. Super. 2010), *appeal denied*, 40 A.3d 120 (Pa. 2012).

In ***Griffith***, the defendant was observed, on three separate occasions, crossing into the oncoming lane and forcing the oncoming vehicle into an

evasive maneuver. ***Griffith***, 32 A.3d at 1233 n.2. She had therapeutic or below therapeutic levels of prescription medication in her blood during her erratic driving. ***Id.*** at 1234. The defendant had difficulty standing after she was apprehended, and she was unable to perform certain SFSTs. ***Id.*** at 1240. The testifying police officer had 12 years of experience, and had been trained in handling DUI cases, including DUI cases involving drugs. ***Id.*** These facts were sufficient to support a conviction under § 3802(d)(2). ***Id.***

In ***Spence***, the defendant made a U-turn away from a traffic checkpoint, sped away, and then made a left turn without signaling. ***Spence***, 290 A.3d at 309. The defendant admitted smoking marijuana earlier in the day, and exhibited indicia of impairment during SFSTs. ***Id.*** at 306-07. The investigating officer had extensive experience in administering SFSTs and in investigating suspected DUI offenses. ***Id.*** at 307. These facts were sufficient to uphold a conviction under § 3802(d)(2). ***Id.*** at 310.

Likewise, in ***Commonwealth v. Nestor***, 314 A.3d 863 (Pa. Super 2024), the defendant's vehicle was recorded crossing the center line four times and the white fog lane nine times, over a span of two miles, before police stopped him. ***Id.*** at 866. On one of the nine occasions, the defendant's vehicle was completely outside his designated lane of travel. ***Id.*** The defendant's pupils were not constricted-despite being under bright gas station lights-and they did not constrict when police shined a flashlight into the defendant's eyes. ***Id.*** at 867. The investigating officer had training and

- 5 -

experience in conducting SFSTs and Advance Roadside Impaired Driving Enforcement ("ARIDE") tests. *Id.* at 868, 872. The defendant demonstrated several indications of impairment during the SFSTs. *Id.* at 868. The defendant refused a blood test. *Id.* These factors, along with the defendant's agitated behavior when pulled over, were sufficient to support a conviction under § 3802(d)(2).

We now consider the instant facts in light of the foregoing precedent. In line with the testifying officers in *Griffith*, *Spence*, and *Nestor*, Officer Honick testified to his personal experience in investigating drug-related DUI cases. He is certified in administering SFSTs, he is also a certified instructor for the proper administration of SFSTs, and his is certified in conducting ARIDE tests. N.T. Trial, 3/24/25, at 5. Officer Honick had made approximately 75 DUI arrests and had administered SFSTs in approximately 30 other cases in which he did not make an arrest. *Id.* at 5, 7. Based Officer Honick's training and experience, pupils that are more dilated or constricted than they should be are indicative of drug impairment.[3] *Id.* at 7, 15.

Officer Honick saw Appellant's driver's side tires contact the double yellow line five times, for several seconds at a time, and he left his turn signal

---

[3] We are cognizant that, in this case, Appellant's pupils remained constricted when they should have dilated, whereas in *Nestor* the defendant's pupils remained dilated when they should have constricted. Either case may be indicative of drug use. The reaction depends on the type of drug. N.T. Trial, 3/24/25, at 7.

on for three quarters of a mile. *Id.* at 10. After stopping Appellant, Officer Honick noted that Appellant's pupils were constricted, even though it was dark outside, and that Appellant's eyes were bloodshot. *Id.* at 11-12. There was no detectable odor of alcohol. *Id.* at 12. During Appellant's walk-and-turn test, he failed, on several occasions, to make heel-to-to contact. *Id.* at 24. He also stepped off line several times. *Id.* During the one-leg stand on his left leg, Appellant put is right leg down nine times and swayed five times. *Id.* at 25. Officer Honick testified that, based on his training and experience, his observations of Appellant indicated that Appellant was impaired by a drug to the point of being unable to safely drive a car. *Id.* at 25-26.

In terms of Officer Honick's training and experience, and his observations of Appellant's erratic driving, constricted pupils, and difficulty performing SFSTs, the facts before us align with those of *Griffith*, *Spence*, and *Nestor*. Appellant argues, however, that Officer Honick was not qualified or offered as an expert. Appellant's Brief at 12. This argument is of no avail, because *Griffith* held that expert testimony is not required for a conviction under § 3802(d)(2), and because Officer Honick's training and experience is similar to what the courts found acceptable in *Griffith*, *Spence*, and *Nestor*. Appellant also argues that there was no evidence that his erratic driving was caused by drug impairment because Officer Honick could not smell drugs, did not recover any drugs from Appellant or his vehicle, and because his HGN was normal. Appellant's Brief at 12. Appellant notes that he was able to retrieve

his credentials without issue, and that he was cooperative and did not exhibit impaired coordination in exiting his vehicle. *Id.* These arguments from Appellant ignore the indicia of impairment that Officer Honick observed in Appellant's driving, eyes, and SFSTs, and thus they go more to the weight rather that sufficiency of the evidence. Appellant has not preserved or raised a weight of the evidence challenge before this Court.

Based on the foregoing, we conclude that the evidence, viewed in a light most favorable to the Commonwealth as verdict winner, is sufficient to uphold Appellant's conviction under § 3802(d)(2). We therefore affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date:  6/26/2026

- 8 -